

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GINA DANNENBRING, | No. 14-15443 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-0007-JCM |
| v. | MEMORANDUM[*] |
| WYNN LAS VEGAS, LLC, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 15, 2016[**]
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges, and HELLERSTEIN,[***] Senior
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

Gina Dannenbring appeals the district court's grant of summary judgment in favor of the Wynn Las Vegas on her claims of pregnancy discrimination under Title VII, retaliation under Title VII, and failure to pay overtime in violation of the Fair Labor Standards Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the district court's grant of summary judgment de novo, we affirm. *Webster v. Pub. Sch. Employees of Washington, Inc.*, 247 F.3d 910, 913 (9th Cir. 2001).

1.      Dannenbring has failed to show that the Wynn's articulated explanation for her termination was a pretext for pregnancy discrimination. "Where the evidence of pretext is circumstantial, rather than direct, the plaintiff must present 'specific' and 'substantial' facts showing that there is a genuine issue for trial." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1170 (9th Cir. 2007) (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998)). The Wynn explains that Dannenbring's termination resulted from an incident in which Dannenbring stored confidential client information on her personal computer and thereby allowed her ex-boyfriend to access it, in violation of the Wynn's confidentiality and non-disclosure policies. Dannenbring's argument that this incident was an unfair reason for her termination, in light of the wrongful nature of her ex-boyfriend's conduct, does not create a factual question about the truth of the Wynn's reason for

terminating Dannenbring. And Dannenbring's allegation that the Wynn imperfectly enforced those policies was not proved, and was properly rejected by the district court.

2.     Dannenbring cannot establish a prima facie case on her retaliation claim because she cannot show any causal link between protected activity – her discrimination charge against the Wynn filed with the Nevada Equal Rights Commission (NERC) on April 10, 2011 – and any adverse employment decision. *See Hashimoto v. Dalton*, 118 F.3d 671, 679 (9th Cir. 1997). Dannenbring's termination, effective on October 11, 2010, came before her discrimination charge was even made. Dannenbring instead argues that the Wynn's opposition to her unemployment benefits and its settlement offer were "adverse employment actions." Even assuming that an employer's opposition to unemployment benefits could constitute an adverse employment action, the Wynn's opposition was initiated in November of 2010 and preceded Dannenbring's discrimination charge. Its opposition could not have been retaliatory. And Dannenbring offers no persuasive explanation of how an offer of settlement itself could be an adverse employment action.

3.     Finally, the district court correctly found that Dannenbring's activities as a slot marketing executive host excluded her from overtime benefits under the Fair

Labor Standards Act ("FLSA"). The FLSA exempts from its coverage "any employee employed in a bona fide . . . administrative . . . capacity," 29 U.S.C. § 213(a)(1), where an employer proves that its employee satisfies three criteria: 1) the employee receives a salary above the regulated limit, 2) the employee's primary duty is "[t]he performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers," and 3) the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200; *see also Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1125 (9th Cir. 2002). Dannenbring's salary was above the regulated limit, and undisputed facts about Dannenbring's actual job duties demonstrated that she satisfied the latter two criteria.

Dannenbring promoted the Wynn's gambling business with customers by cultivating relationships with individual gamblers. This was a marketing activity and thus a general business operation, pursuant to a regulation that identifies "marketing" as one of a number of functions that relate to general business operations. 29 C.F.R. § 541.201(b). Dannenbring also exercised discretion and independent judgment in her marketing activities. 29 C.F.R. § 541.202. Dannenbring's client relationships were largely self-managed and she was held

-4-

accountable based on the results of her marketing efforts.  She was able to extend complimentary benefits ("comps"), issue lines of credit up to $25,000, as well as authorize other employees to issue comps to other customers.  The Wynn did impose guidelines on these tasks, but "the term 'discretion and independent judgment' does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review."  29 C.F.R. § 541.202(c); *see In re Farmers Ins. Exch., Claims Representatives' Overtime Pay Litig.*, 481 F.3d 1119, 1130 (9th Cir. 2007).

AFFIRMED