**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 3, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

MARY LEE KAHLER,

    Plaintiff - Appellant,

v.

WALMART INC.,

    Defendant - Appellee.

No. 22-1136
(D.C. No. 1:20-CV-01536-WJM-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MCHUGH**, Circuit Judges.
_____

Mary Lee Kahler, proceeding pro se, appeals the district court's dismissal of her complaint against her former employer, Walmart Inc.; its denial of her motion for leave to amend the complaint; and its denial of her motion for reconsideration of that dismissal and denial. Ms. Kahler alleges that Walmart violated her rights under several federal civil-rights statutes through actions including retaliation, wrongful termination, and failure to rehire. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court's orders. Ms. Kahler's only claims not barred by res judicata fail to state a cause of action. And she has waived her challenges to the denials of her motion for leave to amend and her motion for reconsideration.

## I.    BACKGROUND

In this account of the relevant facts, we accept all of Ms. Kahler's well-pleaded allegations as true and view them in the light most favorable to her. *See Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1066 (10th Cir. 2022). Also, we take judicial notice of the filings in a 2018 lawsuit (*Kahler I*) which involved the same employment relationship underlying this litigation, but only "to show their contents, not to prove the truth of matters asserted therein." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (internal quotation marks omitted).

From May 14, 2014, until April 3, 2016, Ms. Kahler was a fitting-room and sales associate at a Walmart store located in La Junta, Colorado. Between February 2015 and February 2016, she submitted three requests for leave under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* (the FMLA), all of which were denied. Afterwards, whenever Ms. Kahler was absent from work or tardy between January 30 and April 2, 2016, Walmart recorded it as "unauthorized"; in contrast, all instances of absence or tardiness before January 30 were recorded as "authorized." Walmart ultimately fired Ms. Kahler based on the recorded absences and tardiness. Although she reapplied numerous times—and even got an interview by visiting a job fair—Ms. Kahler did not receive another job offer from Walmart.

On February 24, 2017, Ms. Kahler filed with the EEOC a charge of discrimination based on age and disability. After receiving her right-to-sue letter from the EEOC, she filed her initial complaint in *Kahler I* on December 10, 2018. She alleged that Walmart and Jonna Leggitt, manager of the La Junta store, had violated her rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the ADA), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the ADEA), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII). Her theories of liability included wrongful discharge, failure to hire, failure to promote, and retaliation. On August 20, 2019, the district court granted Walmart and Ms. Leggitt's joint motion to dismiss. On January 10, 2020, the district court denied as futile Ms. Kahler's motion (which she had timely filed on November 15, 2019) for leave to file an amended complaint against Walmart, entered final judgment, terminated the case, and granted costs to the defendants, who shared legal counsel.

On January 13, 2020, one of Walmart's attorneys sent an email to Ms. Kahler offering not to pursue the court-awarded costs if she signed a settlement agreement. On January 16 the attorney elaborated, saying: "Among other things, you would be required to agree to dismiss your lawsuit, release/waive your claims, acknowledge that you've been padi [sic] all wages due to you, not disparage Walmart, and not reapply for employment. These are standard terms in cases like this." Aplt. App. at 12.[1]

---

[1] Ms. Kahler's complaint quotes only from the second email that counsel sent her, which she describes as retaliation. But her reply brief on appeal puts that email in context by quoting the first email as well.

3

Ms. Kahler did not agree to these proposed terms. Instead, on February 21, 2020, she submitted a new complaint to the EEOC, claiming that the January 16 email from Walmart's counsel was an act of retaliation by Walmart. After receiving her right-to-sue letter from the EEOC, she filed her complaint in this case on May 29, 2020. The new complaint alleged that the same conduct underlying her first suit violated the FMLA (as well as the ADA, the ADEA, and Title VII). Also, it described the January 16 email from Walmart's counsel as "retaliation for filing the original EEOC complaint [in February 2017]." *Id.*

On August 17, 2021, the district court dismissed this lawsuit with prejudice on claim-preclusion grounds. It explained that: (1) "the Supreme Court has stated that a 'ruling under Rule 12(b)(6) concerns the merits' of an action for claim preclusion purposes," *id.* at 431 (quoting *Brownback v. King*, 141 S. Ct. 740, 748 (2021)); (2) "*Kahler I* and the instant action both involve the same parties," i.e., Ms. Kahler and Walmart, *id.* at 432; and (3) all of Ms. Kahler's claims "were or could have been litigated in *Kahler I*," *id.* at 434. The district court also denied her motion to amend because the proposed amended complaint would be futile on statute-of-limitations and claim-preclusion grounds. Final judgment issued that same day. On April 12, 2022, the district court denied Ms. Kahler's motion to reconsider.

## II.    DISCUSSION

We review de novo a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tavernaro*, 43 F.4th at 1066. "To survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face."

4

*Id.* at 1066–67 (internal quotation marks omitted). Because Ms. Kahler is proceeding pro se, we construe her filings liberally, but "we will not serve as [her] attorney in constructing arguments and searching the record." *Eldridge v. Berkebile*, 791 F.3d 1239, 1243 n.4 (10th Cir. 2015).

At the outset we agree with the district court that all the claims asserted by Ms. Kahler arising out of events predating the filing of her *Kahler I* complaint are precluded. Claim preclusion, also known as res judicata, "applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). If these requirements are met, claim preclusion bars a subsequent suit "unless the party seeking to avoid preclusion did not have a full and fair opportunity to litigate the claim in the prior suit." *Id.* (internal quotation marks omitted). In this circuit, "a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). "[A]ny claims that [Ms. Kahler] now asserts that are part of the same transaction asserted in h[er] previous complaint should be precluded, while new and independent claims may go forward." *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150 (10th Cir. 2006) (emphasis omitted). Generally, "all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes," although "claim preclusion does not necessarily bar plaintiffs

5

from litigating claims based on conduct that occurred after" the filing of the complaint in the prior case. *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000).

For all but one of Ms. Kahler's claims—namely, her claim relating to the email sent by Walmart's lawyer on January 16—every element of claim preclusion is satisfied, as the district court correctly explained. Nor does Ms. Kahler offer a plausible argument that she might have lacked "a full and fair opportunity to litigate" these claims. *MACTEC*, 427 F.3d at 831 (internal quotation marks omitted).[2]

We believe that the district court erred, however, in dismissing as precluded Ms. Kahler's claim relating to the January 16 email from Walmart's counsel. "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). The January 16 email was sent *after* the entry of final judgment on January 10—and thus could not have been known to Ms. Kahler at any point over the course of *Kahler I*, let alone when she filed the last

---

[2] Ms. Kahler's complaint alleges that "Walmart continues Retaliation to the present day by denying employment to Ms. Kahler based on her legal action of filing an EEOC charge of age and disability discrimination, filing a legal lawsuit for same and now this charge of Retaliation." Aplt. App. at 21. She provides no details about these claimed refusals to rehire, including such basic information as when she most recently applied and when she last received notification that her application had been rejected. It is thus impossible to discern from her complaint whether Ms. Kahler has applied for a job at Walmart since she filed her complaint in *Kahler I*. In any event, a threadbare assertion of a failure to rehire, without any details pleaded in support, fails to state a claim. Ms. Kahler's pro se status does not relieve her of "the burden of alleging sufficient facts on which a recognized legal claim could be based," and "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

6

version of her *Kahler I* complaint. As Ms. Kahler argued before us, "It would have been *impossible* to bring" this claim before the email was sent on January 16. Aplt. Reply Br. at 2. "Where the facts that have accumulated after the first action are enough on their own to sustain the second action, the new facts clearly constitute a new claim, and the second action is not barred by res judicata." *Hatch*, 471 F.3d at 1150 (emphasis and internal quotation marks omitted). Claim preclusion therefore does not apply to her claim based on the email exchange.

Nonetheless, we "can affirm the district court's dismissal on any ground sufficiently supported by the record." *Tal*, 453 F.3d at 1252 (internal quotation marks omitted). We hold that the January 16 email—which amounted to an unaccepted settlement offer—cannot support a claim of retaliation. The Supreme Court has said that "presumably an employee may waive his cause of action under Title VII as part of a voluntary settlement." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 (1974). And we have stated that Title VII employment-discrimination claims "may be waived by agreement" so long as "the waiver of such claims [is] knowing and voluntary." *Torrez v. Pub. Serv. Co. of N.M., Inc.*, 908 F.2d 687, 689 (10th Cir. 1990) (per curiam); *accord EEOC v. Allstate Ins. Co.*, 778 F.3d 444, 449 (3d Cir. 2015) ("It is hornbook law that employers can require terminated employees to release claims in exchange for benefits to which they would not otherwise be entitled."). Thus, a settlement offer involving a knowing and voluntary release of claims and other rights is not an adverse employment action, at least where the employee's refusal of the offer is not followed by an additional retaliatory action by the employer (such as withholding a promised

7

benefit). *Compare, e.g.*, *EEOC v. SunDance Rehab. Corp.*, 466 F.3d 490, 500–01 (6th Cir. 2006) (rejecting the argument that a mere offer to settle, "without more, amounts to facial retaliation" under the ADA, the ADEA, Title VII, or the Equal Pay Act), *David v. Winchester Med. Ctr.*, 759 F. App'x 166, 169 (4th Cir. 2019) (per curiam) ("Because [the plaintiff] rejected the proposed agreement, [her former employer] took no adverse action against her when it simply accepted this rejection and declined to initiate further negotiations." (emphasis omitted)), *and Dannenbring v. Wynn Las Vegas, LLC*, 646 F. App'x 556, 557 (9th Cir. 2016) ("Dannenbring offers no persuasive explanation of how an offer of settlement itself could be an adverse employment action."), *with Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1260 n.8 (11th Cir. 2012) ("It is true that [settlement offers] ordinarily cannot be [retaliation]. But what Gate Gourmet did was withhold from [the plaintiff] a light-duty position, which is a benefit that she undisputedly would otherwise have received under company policy, and it allegedly did that solely because of her EEOC charge."), *and Paquin v. Fed. Nat'l Mortg. Ass'n*, 119 F.3d 23, 32 (D.C. Cir. 1997) ("Fannie Mae's withdrawal of its severance package offer, even assuming Fannie Mae had no obligation to provide it, was adverse action" because "[a]n employer's withdrawal of a voluntary benefit . . . may constitute adverse action.").

Ms. Kahler does not allege facts supporting any argument that Walmart retaliated against her because she rejected its post-*Kahler I* offer. Nor does she claim that the settlement offer itself was less favorable than it might have been but for discrimination based on a protected trait. *Cf. Gerner v. County of Chesterfield*, 674

8

F.3d 264, 265 (4th Cir. 2012) (plaintiff sufficiently alleged Title VII sex discrimination where severance offer she received was inferior to that of her similarly-situated male colleagues). Instead, she alleges that the offer *itself*, in isolation, was an act of retaliation. We reject this theory as a matter of law, and therefore we affirm the district court's grant of Walmart's motion to dismiss Ms. Kahler's complaint.

As for the district court's denials of her motion to amend her complaint and motion for reconsideration, Ms. Kahler made no argument in her opening brief challenging those decisions, let alone explaining how either was an abuse of discretion warranting reversal. *See Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 972 (10th Cir. 2021) ("We ordinarily apply the abuse-of-discretion standard when reviewing a denial of leave to amend. But when the district court denies leave to amend based on futility, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." (brackets, citation, and internal quotation marks omitted)); *Seminole Nursing Home, Inc. v. Comm'r of Internal Revenue*, 12 F.4th 1150, 1160 (10th Cir. 2021) ("We review a district court's decision denying a motion for reconsideration for abuse of discretion." (internal quotation marks omitted)). Instead, she merely seeks to relitigate the merits of her underlying claims. She has thus waived any argument that the denials of her motions were in error, *see Morris v. Noe*, 672 F.3d 1185, 1193 (10th Cir. 2012) ("an issue or argument insufficiently raised in the opening brief is deemed waived" (brackets and internal quotation marks omitted)), so we affirm those decisions by the district court as well.

## III.    CONCLUSION

We **AFFIRM** the district court's orders.

Entered for the Court

Harris L Hartz
Circuit Judge