(Slip Opinion) OCTOBER TERM, 2020 1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## BROWNBACK ET AL. *v*. KING

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 19–546. Argued November 9, 2020—Decided February 25, 2021

The Federal Tort Claims Act (FTCA) allows a plaintiff to bring certain state-law tort claims against the United States for torts committed by federal employees acting within the scope of their employment, provided that the plaintiff alleges six statutory elements of an actionable claim. See 28 U. S. C. §1346(b). Another provision, known as the judgment bar, provides that "[t]he judgment in an action under section 1346(b)" shall bar "any action by the claimant" involving the same subject matter against the federal employee whose act gave rise to the claim. §2676. Respondent James King sued the United States under the FTCA after a violent encounter with Todd Allen and Douglas Brownback, members of a federal task force. He also sued the officers individually under the implied cause of action recognized by *Bivens* v. *Six Unknown Fed. Narcotics Agents,* 403 U. S. 388. The District Court dismissed his FTCA claims, holding that the Government was immune because the officers were entitled to qualified immunity under Michigan law, or in the alternative, that King failed to state a valid claim under Federal Rule of Civil Procedure 12(b)(6). The court also dismissed King's *Bivens* claims, ruling that the officers were entitled to federal qualified immunity. King appealed only the dismissal of his *Bivens* claims. The Sixth Circuit found that the District Court's dismissal of King's FTCA claims did not trigger the judgment bar to block his *Bivens* claims.

*Held*: The District Court's order was a judgment on the merits of the FTCA claims that can trigger the judgment bar. Pp. 5–10.

(a) Similar to common-law claim preclusion, the judgment bar requires a final judgment "'on the merits,'" *Semtek Int'l Inc.* v. *Lockheed Martin Corp.,* 531 U. S. 497, 502. Here, the District Court's summary

judgment ruling dismissing King's FTCA claims hinged on a quintessential merits decision: whether the undisputed facts established all the elements of King's FTCA claims. See *Arbaugh* v. *Y & H Corp.,* 546 U. S. 500, 510–511. The court's alternative Rule 12(b)(6) holding also passed on the substance of King's FTCA claims, as a 12(b)(6) ruling concerns the merits. *Id.,* at 506–507. Pp. 5–7.

(b) In passing on King's FTCA claims, the District Court also determined that it lacked subject-matter jurisdiction over those claims. In most cases, a plaintiff's failure to state a claim under Rule 12(b)(6) does not deprive a federal court of subject-matter jurisdiction. See *Steel Co.* v. *Citizens for Better Environment,* 523 U. S. 83, 89. Here, however, in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional. Thus, even though a plaintiff need not prove a §1346(b)(1) jurisdictional element for a court to maintain subject-matter jurisdiction over his claim, see *FDIC* v. *Meyer*, 510 U. S. 471, 477, because King's FTCA claims failed to survive a Rule 12(b)(6) motion to dismiss, the court also was deprived of subject-matter jurisdiction. Generally, a court may not issue a ruling on the merits when it lacks subject-matter jurisdiction, see *Steel Co.,* 523 U. S., at 101–102, but where, as here, pleading a claim and pleading jurisdiction entirely overlap, a ruling that the court lacks subject-matter jurisdiction may simultaneously be a judgment on the merits that can trigger the judgment bar. Pp. 7–9.

917 F. 3d. 409, reversed.

THOMAS, J., delivered the opinion for a unanimous Court. SOTOMAYOR, J., filed a concurring opinion.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 19–546

## DOUGLAS BROWNBACK, ET AL., PETITIONERS *v.* JAMES KING

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

[February 25, 2021]

JUSTICE THOMAS delivered the opinion of the Court.

The Federal Tort Claims Act (FTCA) allows a plaintiff to bring certain state-law tort suits against the Federal Government. 28 U. S. C. §2674; see also §1346(b). It also includes a provision, known as the judgment bar, which precludes "any action by the [plaintiff], by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim" if a court enters "[t]he judgment in an action under section 1346(b)." §2676. The Sixth Circuit held that the District Court's order dismissing the plaintiff's FTCA claims did not trigger the judgment bar because the plaintiff's failure to establish all elements of his FTCA claims had deprived the court of subject-matter jurisdiction. We disagree and hold that the District Court's order also went to the merits of the claim and thus could trigger the judgment bar.

## I
### A

The FTCA streamlined litigation for parties injured by federal employees acting within the scope of their employment. Before 1946, a plaintiff could sue a federal employee

directly for damages, but sovereign immunity barred suits against the United States, even if a similarly situated private employer would be liable under principles of vicarious liability. Pfander & Aggarwal, *Bivens*, the Judgment Bar, and the Perils of Dynamic Textualism, 8 U. St. Thomas L. J. 417, 424–425 (2011); see also *Philadelphia Co.* v. *Stimson*, 223 U. S. 605, 619–620 (1912). Despite that immunity, the Government often would provide counsel to defendant employees or indemnify them. Pfander, 8 U. St. Thomas L. J., at 425. In addition, Congress passed private bills that awarded compensation to persons injured by Government employees. *Id.,* at 424, n. 39. But by the 1940s, Congress was considering hundreds of such private bills each year. *Ibid.*[1] "Critics worried about the speed and fairness with which Congress disposed of these claims." *Id.,* at 426.

"In 1946, Congress passed the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees" acting within the scope of their employment. *FDIC* v. *Meyer*, 510 U. S. 471, 475–476 (1994). The Act in effect ended the private bill system by transferring most tort claims to the federal courts. See Pfander, 8 U. St. Thomas. L. J.*,* at 424, n. 39. Plaintiffs were (and are) required to bring claims under the FTCA in federal district court. Federal courts have jurisdiction over these claims if they are "actionable under §1346(b)." *Meyer*, 510 U. S., at 477. A claim is actionable if it alleges the six elements of §1346(b), which are that the claim be:

> "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment,

––––––––––

[1] In 1939 and 1940 the 76th Congress considered 1,763 private bills, of which 315 became law. Pfander, 8 U. St. Thomas L. J.*,* at 424, n. 39.

[6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Ibid.* (quoting §1346(b)).

While waiving sovereign immunity so parties can sue the United States directly for harms caused by its employees, the FTCA made it more difficult to sue the employees themselves by adding a judgment bar provision. That provision states: "The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." §2676. "[O]nce a plaintiff receives a judgment (favorable or not) in an FTCA suit," the bar is triggered, and "he generally cannot proceed with a suit against an individual employee based on the same underlying facts." *Simmons* v. *Himmelreich*, 578 U. S. 621, 625 (2016). The Act thus opened a new path to relief (suits against the United States) while narrowing the earlier one (suits against employees).

B

This case involves a violent encounter between respondent James King and officers Todd Allen and Douglas Brownback, members of a federal task force, who mistook King for a fugitive. King sued the United States under the FTCA, alleging that the officers committed six torts under Michigan law. He also sued the officers individually under the implied cause of action recognized by *Bivens* v. *Six Unknown Fed. Narcotics Agents*, 403 U. S. 388 (1971), alleging four violations of his Fourth Amendment rights. The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. In the alternative, they moved for summary judgment.

The District Court dismissed King's claims. As to his FTCA claims, the court granted the Government's summary judgment motion.[2] It found that the undisputed facts showed that the officers did not act with malice. The officers thus would have been entitled to state qualified immunity had Michigan tort claims been brought against them. See *Odom* v. *Wayne County*, 482 Mich. 459, 473–474, 760 N. W. 2d 217, 224–225 (2008). The court, following its own precedent, ruled that the Government was immune because it retains the benefit of state-law immunities available to its employees. The court also ruled in the alternative that King's FTCA claims failed under Rule 12(b)(6) because his complaint did not present enough facts to state a plausible claim to relief for any of his six tort claims. The court dismissed King's *Bivens* claims as well, ruling that the defendants were entitled to federal qualified immunity. King appealed only the dismissal of his *Bivens* claims.

As a threshold question, the Sixth Circuit assessed whether the dismissal of King's FTCA claims triggered the judgment bar and thus blocked the parallel *Bivens* claims. See *King* v. *United States*, 917 F. 3d 409, 418–421 (2019). It did not, according to the Sixth Circuit, because "the district court dismissed [King]'s FTCA claim[s] for lack of subject-matter jurisdiction" when it determined that he had not stated a viable claim and thus "did not reach the merits." *Id.,* at 419; but see *Unus* v. *Kane*, 565 F. 3d 103, 121–122 (CA4 2009) (holding that summary judgment on the plaintiffs' FTCA claims triggered judgment bar with respect to *Bivens* claims). The Sixth Circuit then held that the defendant officers were not entitled to qualified immunity and reversed the District Court.

––––––––––––

[2] Like the Sixth Circuit, we construe the District Court's primary ruling on the FTCA claims as a grant of summary judgment for the defendants because its ruling relied on the parties "'Joint Statement of Facts . . . unless otherwise indicated.'" *King* v. *United States*, 917 F. 3d 409, 416, n. 1 (CA6 2019) (quoting ECF Doc. 91, p. 1).

We granted certiorari, 589 U. S. \_\_\_ (2020), and now reverse.

## II
## A

The judgment bar provides that "[t]he judgment in an action under section 1346(b)" shall bar "any action by the claimant" involving the same subject matter against the employee of the Federal Government whose act gave rise to the claim. §2676. Here, the District Court entered a "Judgment . . . in favor of Defendants and against Plaintiff." ECF Doc. 92. The parties agree that, at a minimum, this judgment must have been a final judgment on the merits to trigger the bar, given that the "provision functions in much the same way as [the common-law doctrine of claim preclusion]." *Simmons*, 578 U. S., at 630, n. 5 (internal quotation marks omitted).[3] We agree.[4]

---

[3] The terms res judicata and claim preclusion often are used interchangeably. See *Lucky Brand Dungarees, Inc.* v. *Marcel Fashions Group, Inc.*, 590 U. S. \_\_\_, \_\_\_ (2020) (slip op., at 6). But res judicata "comprises two distinct doctrines." *Ibid.* The first is issue preclusion, also known as collateral estoppel. *Ibid.* It precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment. *Ibid.* The second doctrine is claim preclusion, sometimes itself called res judicata. *Ibid.* Claim preclusion prevents parties from relitigating the same "claim" or "'cause of action,'" even if certain issues were not litigated in the prior action. *Ibid.* Suits involve the same "claim" or "'cause of action'" if the later suit "'"aris[es] from the same transaction"'" or involves a "'common nucleus of operative facts.'" *Ibid.*

[4] King argues, among other things, that the judgment bar does not apply to a dismissal of claims raised in the same lawsuit because common-law claim preclusion ordinarily "is not appropriate within a single lawsuit." 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure §4401 (3d ed. Supp. 2020). The Sixth Circuit did not address those arguments, and "we are a court of review, not of first view." *Cutter* v. *Wilkinson*, 544 U. S. 709, 718, n. 7 (2005). We leave it to the Sixth Circuit to address King's alternative arguments on remand.

## B

This Court has explained that the judgment bar was drafted against the backdrop doctrine of res judicata. See *ibid.*[5] To "trigge[r] the doctrine of res judicata or claim preclusion" a judgment must be "'on the merits.'" *Semtek Int'l Inc.* v. *Lockheed Martin Corp.*, 531 U. S. 497, 502 (2001). Under that doctrine as it existed in 1946, a judgment is "on the merits" if the underlying decision "actually passes directly on the substance of a particular claim before the court." *Id.*, at 501–502 (cleaned up).[6] Thus, to determine if the District Court's decision is claim preclusive, we must determine if it passed directly on the substance of King's FTCA claims. We conclude that it did.

The District Court's summary judgment ruling hinged on a quintessential merits decision: whether the undisputed facts established all the elements of King's FTCA claims. See *Arbaugh* v. *Y & H Corp.*, 546 U. S. 500, 510–511 (2006). The court noted that one element of an FTCA claim is that the plaintiff establish that the Government employee would be liable under state law. The court then explained that Michigan law provides qualified immunity for Government employees who commit intentional torts but act in subjective good faith. See *Odom*, 482 Mich., at 461, 481–482, 760 N. W. 2d, at 218, 229. And it concluded that, because the undisputed facts here showed that the officers would have

_____

[5] The parties disagree about how much the judgment bar expanded on common-law preclusion, but those disagreements are not relevant to our decision. See n. 4, *supra*.

[6] We use the term "on the merits" as it was used in 1946, to mean a decision that passed on the substance of a particular claim. "[O]ver the years the meaning of the term 'judgment on the merits' 'has gradually undergone change'" and now encompasses some judgments "that do *not* pass upon the substantive merits of a claim and hence do *not* (in many jurisdictions) entail claim-preclusive effect." *Semtek*, 531 U. S., at 502. Regardless, the FTCA judgment in this case is an "on the merits" decision that passes on the "substance" of King's FTCA claims under the 1946 meaning or present day meaning of those terms.

been entitled to immunity from King's tort claims, the United States, by extension, was not liable under the FTCA.[7]

The court's alternative Rule 12(b)(6) holding also passed on the substance of King's FTCA claims. The District Court ruled that the FTCA count in King's complaint did not state a claim, because even assuming the complaint's veracity, the officers used reasonable force, had probable cause to detain King, and otherwise acted within their authority. "If the judgment determines that the plaintiff has no cause of action" based "on rules of substantive law," then "it is on the merits." Restatement of Judgments §49, Comment *a*, p. 193 (1942). A ruling under Rule 12(b)(6) concerns the merits. Cf. *Arbaugh*, 546 U. S., at 506–507. The District Court evaluated King's six FTCA claims under Rule 12(b)(6) and ruled that they failed for reasons of substantive law.

C

The one complication in this case is that it involves overlapping questions about sovereign immunity and subject-matter jurisdiction. In such cases, the "merits and jurisdiction will sometimes come intertwined," and a court can decide "all . . . of the merits issues" in resolving a jurisdictional question, or vice versa. *Bolivarian Republic of Venezuela* v. *Helmerich & Payne Int'l Drilling Co.*, 581 U. S. ___, ___ (2017) (slip op., at 7). That occurred here. The District Court passed on the substance of King's FTCA claims and found them implausible. In doing so, the District Court also determined that it lacked jurisdiction. But an on-the-merits judgment can still trigger the judgment bar, even if that determination necessarily deprives the court of subject-matter jurisdiction.

––––––––––
[7] We express no view on the availability of state-law immunities in this context. Compare *Medina* v. *United States*, 259 F. 3d 220, 225, n. 2 (CA4 2001), with *Villafranca* v. *United States*, 587 F. 3d 257, 263, and n. 6 (CA5 2009).

The District Court did lack subject-matter jurisdiction over King's FTCA claims. In most cases, a plaintiff's failure to state a claim under Rule 12(b)(6) does not deprive a federal court of subject-matter jurisdiction. See *Steel Co.* v. *Citizens for Better Environment*, 523 U. S. 83, 89 (1998). "Dismissal for lack of subject-matter jurisdiction . . . is proper only when the claim is so . . . 'completely devoid of merit as not to involve a federal controversy.'" *Ibid.* However, a plaintiff must plausibly allege all jurisdictional elements. See, *e.g., Dart Cherokee Basin Operating Co.* v. *Owens*, 574 U. S. 81, 89 (2014). And in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional. *Meyer*, 510 U. S., at 477. So even though a plaintiff need not *prove* a §1346(b)(1) jurisdictional element for a court to maintain subject-matter jurisdiction over his claim, see *ibid.*, a plaintiff must plausibly allege all six FTCA elements not only to state a claim upon which relief can be granted but also for a court to have subject-matter jurisdiction over the claim. That means a plaintiff must plausibly allege that "the United States, if a private person, would be liable to the claimant" under state law both to survive a merits determination under Rule 12(b)(6) and to establish subject-matter jurisdiction. §1346(b)(1). Because King's tort claims failed to survive a Rule 12(b)(6) motion to dismiss, the United States necessarily retained sovereign immunity, also depriving the court of subject-matter jurisdiction.

Ordinarily, a court cannot issue a ruling on the merits "when it has no jurisdiction" because "to do so is, by very definition, for a court to act ultra vires." *Steel Co.*, 523 U. S., at 101–102. But where, as here, pleading a claim and pleading jurisdiction entirely overlap, a ruling that the court lacks subject-matter jurisdiction may simultaneously be a judgment on the merits that triggers the judgment

bar.[8]  A dismissal for lack of jurisdiction is still a "judgment."  See Restatement of Judgments §49, Comment *a*, at 193–194 (discussing "judgment . . . based on the lack of jurisdiction").  And even though the District Court's ruling in effect deprived the court of jurisdiction, the District Court necessarily passed on the substance of King's FTCA claims.  See Part II–B, *supra*.  Under the common law, judgments were preclusive with respect to issues decided as long as the court had the power to decide the issue.  See Restatement of Judgments §49, Comment *b*, at 195–196.  Because "a federal court always has jurisdiction to determine its own jurisdiction," *United States* v. *Ruiz*, 536 U. S. 622, 628 (2002), a federal court can decide an element of an FTCA claim on the merits if that element is also jurisdictional.  The District Court did just that with its Rule 12(b)(6) decision.[9]

\*　\*　\*

We conclude that the District Court's order was a judgment on the merits of the FTCA claims that can trigger the judgment bar.  The judgment of the United States Court of Appeals for the Sixth Circuit is reversed.

*It is so ordered.*

--------

[8] In cases such as this one where a plaintiff fails to plausibly allege an element that is both a merit element of a claim and a jurisdictional element, the district court may dismiss the claim under Rule 12(b)(1) or Rule 12(b)(6).  Or both.  The label does not change the lack of subject-matter jurisdiction, and the claim fails on the merits because it does not state a claim upon which relief can be granted.  However, in other cases that overlap between merits and jurisdiction may not exist.  In those cases, the court might lack subject-matter jurisdiction for non-merits reasons, in which case it must dismiss the case under just Rule 12(b)(1).

[9] The District Court did not have the power to issue its summary judgment ruling because that decision was not necessary for the court "to determine its own jurisdiction."  *Ruiz*, 536 U. S., at 628.  The court should have assessed whether King's FTCA claims plausibly alleged the six elements of §1346(b)(1) as a threshold matter, and then dismissed those claims for lack of subject-matter jurisdiction once it concluded they were not plausibly alleged.  See *Steel Co.* v. *Citizens for Better Environment*, 523 U. S. 83, 94–95 (1998).

# SUPREME COURT OF THE UNITED STATES

_____

No. 19–546

_____

## DOUGLAS BROWNBACK, ET AL., PETITIONERS *v.* JAMES KING

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE SIXTH CIRCUIT

[February 25, 2021]

JUSTICE SOTOMAYOR, concurring.

I join the Court's opinion because I agree that the District Court dismissed King's Federal Tort Claims Act (FTCA) claims on the merits. Importantly, the Court does not today decide whether an order resolving the merits of an FTCA claim precludes other claims arising out of the same subject matter in the same suit. Although the parties briefed the issue, it was not the basis of the lower court's decision. See *ante,* at 5, n. 4. I write separately to emphasize that, while many lower courts have uncritically held that the FTCA's judgment bar applies to claims brought in the same action, there are reasons to question that conclusion. This issue merits far closer consideration than it has thus far received.

King argues that the judgment bar merely "supplements common-law claim preclusion by closing a narrow gap," preventing plaintiffs from bringing duplicative litigation against first the United States and then its employees. *Simmons* v. *Himmelreich*, 578 U. S. 621, 630, n. 5 (2016); see also *ibid.* ("At the time that the FTCA was passed, common-law claim preclusion would have barred a plaintiff from suing the United States after having sued an employee but not vice versa"). On petitioners' view, however, the judgment bar provides that any order resolving an FTCA claim automatically precludes separate claims

brought in the same action and arising from the same common nucleus of facts. This is a significant departure from the normal operation of common-law claim preclusion, which applies only in separate or subsequent suits following a final judgment. See, *e.g., G. & C. Merriam Co.* v. *Saalfield¸* 241 U. S. 22, 29 (1916) ("Obviously, the rule for decision applies only when the subsequent action has been brought").

King raises a number of reasons to doubt petitioners' reading. Looking first to the text, the FTCA's judgment bar is triggered by "[t]he judgment in an action under section 1346(b)." 28 U. S. C. §2676. A "judgment" is "[a] court's final determination of the rights and obligations of the parties in a case." Black's Law Dictionary 1007 (11th ed. 2019); see also 1 H. Black, Law of Judgments §1, p. 2, n. l (1891) ("'A judgment is the final consideration and determination of a court . . . upon the matters submitted to it'"). Decisions disposing of only some of the claims in a lawsuit are not "judgments."

Similarly, once the judgment bar is triggered, it precludes "any action by the claimant." §2676. An "action" refers to the whole of the lawsuit. See Black's Law Dictionary, at 37 (defining "action" as a "civil or criminal judicial proceeding"); Black's Law Dictionary 43 (3d ed. 1933) ("The terms 'action' and 'suit' are now nearly, if not entirely, synonymous"). Individual demands for relief within a lawsuit, by contrast, are "claims." See Black's Law Dictionary, at 311 (2019) (defining a "claim" as "the part of a complaint in a civil action specifying what relief the plaintiff asks for"); Black's Law Dictionary, at 333 (1933) (defining a "claim" as "any demand held or asserted as of right" or "cause of action").

Thus, giving the judgment bar's two key terms their traditional meanings, "the judgment in an action under section 1346(b)" that triggers the bar is the final order resolving every claim in a lawsuit that includes FTCA claims. When

triggered, the judgment bar precludes later "action[s]," not claims in the same suit. So read, the statutory judgment bar "functions in much the same way" as claim preclusion, "with both rules depending on a prior judgment as a condition precedent." *Will* v. *Hallock*, 546 U. S. 345, 354 (2006).[1]

Turning next to the FTCA's purpose and effect, under King's reading, the judgment bar also serves the same, familiar functions as claim preclusion: "avoiding duplicative litigation" by barring repetitive suits against employees without "reflecting a policy that a defendant should be scot free of any liability." *Ibid.* Petitioners' interpretation, by contrast, appears inefficient. Precluding claims brought in the same suit incentivizes plaintiffs to bring separate suits, first against federal employees directly and second against the United States under the FTCA. See *Sterling* v. *United States*, 85 F. 3d 1225, 1228–1229 (CA7 1996) (holding that judgment in a prior direct action did not preclude a later FTCA suit against the United States).[2]

Petitioners' interpretation also produces seemingly unfair results by precluding potentially meritorious claims when a plaintiff's FTCA claims fail for unrelated reasons. Here, for example, King's constitutional claims require only

––––––––––
[1] Nearby §2672 could further support this interpretation. That section provides that an administrative settlement with the United States "shall constitute a complete release of any claim against the United States and against the employee of the government" who committed the tort. Unlike the judgment bar, §2672 uses unambiguous language ("release of any claim") to ensure that settlements with the United States both preclude future litigation and resolve pending claims against federal employees. Had Congress intended to give both provisions the same effect, "it presumably would have done so expressly." *Russello* v. *United States*, 464 U. S. 16, 23 (1983).

[2] Some courts have held that precluding claims in the same action prevents plaintiffs from recovering for the same injury from both the United States and the federal employee. The law, however, already bars double recovery for the same injury. See, *e.g., Zenith Radio Corp.* v. *Hazeltine Research, Inc.*, 401 U. S. 321, 348 (1971) ("[T]he law . . . does not permit a plaintiff to recover double payment").

a showing that the officers' behavior was objectively unreasonable, while the District Court held that the state torts underlying King's FTCA claims require subjective bad faith. If petitioners are right, King's failure to show bad faith, which is irrelevant to his constitutional claims, means a jury will never decide whether the officers violated King's constitutional rights when they stopped, searched, and hospitalized him.

There are, of course, counterarguments. On the text, petitioners point out that it would be strange to refer to the entire lawsuit as "an action under section 1346(b)" even after the Court has decided all the claims brought under the FTCA. Better, they argue, to read "judgment in an action under section 1346(b)" to mean any order resolving all the FTCA claims in the suit. They urge further that claims in the same suit should be among the covered actions because the bar precludes "any action," rather than "subsequent" actions, which is the typical formulation of claim preclusion. As to the judgment bar's purpose, petitioners contend that the FTCA gives tort claimants a choice that comes with a cost: They can sue the United States and access its deeper pockets, but, if they do, then the outcome of the FTCA claims resolves the entire controversy. This preserves federal resources while allowing tort claimants to decide whether to bring FTCA claims at all.

There are naturally counterarguments to those counterarguments, and so on, but further elaboration here is unnecessary. As the Court points out, "'we are a court of review, not of first view.'" *Ante,* at 5, n. 4 (quoting *Cutter* v. *Wilkinson,* 544 U. S. 709, 718, n. 7 (2005)). While lower courts have largely taken petitioners' view of the judgment bar, few have explained how its text or purpose compels that result. In my view, this question deserves much closer analysis and, where appropriate, reconsideration.