**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 12 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MSP RECOVERY CLAIMS SERIES LLC, a Delaware entity; MSPA CLAIMS 1, LLC, a Florida entity,<br><br>        Plaintiffs-Appellants,<br><br>  v.<br><br>FARMERS INSURANCE EXCHANGE; et al.,<br><br>        Defendants-Appellees. | No.   22-55610<br><br>D.C. No.<br>2:17-cv-02522-CAS-PLA<br><br><br>MEMORANDUM[*] |
| MSP RECOVERY CLAIMS SERIES LLC, a Delaware entity; MSPA CLAIMS 1, LLC, a Florida entity,<br><br>        Plaintiffs-Appellants,<br><br>  v.<br><br>FARMERS INSURANCE EXCHANGE; et al.,<br><br>        Defendants-Appellees. | No.   22-55613<br><br>D.C. No.<br>2:17-cv-02559-CAS-PLA |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted September 12, 2023
Pasadena, California

Before:  M. SMITH, FRIEDLAND, and MILLER, Circuit Judges.

MSP Recovery Claims Series LLC and MSPA Claims 1, LLC (collectively, MSP) appeal from the district court's summary judgment in two related actions under the Medicare Secondary Payer Act (MSP Act). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

MSP, operating as an assignee of various Medicare Advantage Organizations (MAOs), asserts that twelve insurance companies (collectively, Farmers) failed to make primary payments or issue reimbursements as required under the MSP Act. In response to Farmers' motion for summary judgment, MSP relied on a set of spreadsheets to substantiate its claims. The district court excluded the spreadsheets as inadmissible hearsay. It then held that in the absence of "any evidence, let alone admissible evidence," MSP had both (1) failed to establish that the MAOs made payments that Farmers should have otherwise covered; and (2) failed to establish standing. It granted summary judgment on both grounds.

We review the district court's grant of summary judgment de novo. *Flores v. City of San Gabriel*, 824 F.3d 890, 897 (9th Cir. 2016). To survive summary judgment, a plaintiff "must set out facts that it will be able to prove through admissible evidence." *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir.

2010) (en banc). "Summary judgment is appropriate only if, taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015) (quoting *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013)). We review evidentiary rulings for an abuse of discretion, "even when the rulings determine the outcome of a motion for summary judgment." *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir. 2002).

The district court did not abuse its discretion in excluding MSP's spreadsheets as hearsay not subject to the exception for business records, Federal Rule of Evidence 803(6). MSP asserts that each spreadsheet contains "raw data" that the MAOs directly transferred to MSP. But the spreadsheets do not consist of that raw data alone. Instead, MSP acknowledges that the spreadsheets combine "Raw Assignor data, Third-Party Data, and defendant discovery." Although MSP states that it has sufficiently established "the admissibility of the records Plaintiffs receive[d] from the [MAOs] and others," those records were never presented to the court. Rather, MSP relied on spreadsheets *combining* those records. Farmers requested the "raw data" in discovery, but at no point did MSP produce it.

As the district court recognized, the spreadsheets were created "during this litigation for purposes of this litigation" from third-party data, MAO data, and

3

defendant discovery. They are therefore not records "kept in the course of a regularly conducted activity of a business," Fed. R. Evid. 803(6)(B), and the circumstances of their creation "indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E); *United States v. Miller*, 771 F.2d 1219, 1238 (9th Cir. 1985). The district court did not abuse its discretion in concluding that the spreadsheets are not admissible as MSP's business records.

For the same reasons, the spreadsheets are not admissible as adoptive business records. Records are admissible as adoptive business records when the "other requirements of Rule 803(6) are met and the circumstances indicate the records are trustworthy." *United States v. Childs*, 5 F.3d 1328, 1333 (9th Cir. 1993). MSP's spreadsheets were not kept in the regular course of either the MAOs' or the other third parties' business. Fed. R. Evid. 803(6). Instead, MSP created them for this litigation. Spreadsheets pulled directly from the actual raw data files that the MAOs transmitted and the reports that third parties generated might be admissible as adoptive business records. *See MRT Constr. Inc. v. Hardrives, Inc.*, 158 F.3d 478, 483–84 (9th Cir. 1998). But MSP does not offer those unadulterated records; to the contrary, it suggests that it does not have them.

The MAO declarations that MSP submitted do not change this analysis. Rather than cure the spreadsheets' lack of trustworthiness, the declarations compound it. In the declarations, MAO representatives merely attest that MSP's

4

spreadsheets "contain" some of the MAO's raw data. Tellingly, the MAO representatives never declare that the spreadsheets are their own business records, nor could they, as MSP admits elsewhere that the spreadsheets amalgamate data from a variety of sources.

Because MSP did not offer any potentially admissible evidence in support of its claims, the district court correctly granted summary judgment for Farmers. MSP contends that the district court should have considered standing before the merits and that it was at least entitled to dismissal without prejudice for lack of standing. But the district court concluded that MSP lacked standing because of a failure of proof. Where the "merits and jurisdiction . . . come intertwined," "a court can decide all . . . of the merits issues in resolving a jurisdictional question, or vice versa." *Brownback v. King*, 141 S. Ct. 740, 749 (2021) (quotation marks omitted). In such a case, "an on-the-merits judgment" is valid even if the reasons the claim fails also have implications for jurisdiction. *Id.* The district court therefore did not err in entering judgment on the merits.

**AFFIRMED.**