**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**JONATHAN SCOTT**,

Plaintiff,

v.

**U.S. DEPARTMENT OF HOMELAND SECURITY**,

Defendant.

Case No. 1:24-cv-00508 (TNM)

---

**MEMORANDUM OPINION**

In this case, a *pro se* Plaintiff sues the Government, alleging almost no facts and demanding $20 billion. Because his Complaint advances criminal charges he cannot bring, and because it includes no facts justifying relief, the Court will dismiss his case.

**I.**

Jonathan Scott sues the Department of Homeland Security. He filed a Complaint listing nearly a dozen different claims. But his Complaint does not contain the "short and plain statement" of the facts "showing that [he] is entitled to relief" that the Federal Rules require. Fed. R. Civ. P. 8(a)(2). So the facts of this suit are far from clear.

Here is what the Court can surmise: Scott alleges a vast conspiracy against him organized and carried out by DHS. He alleges that DHS's employees and contractors gave him "a mind control drug" without his "permission" or "desire." Compl. Ex. at 1, ECF No. 1-1. He also alleges that similar DHS employees tried to kill him by "driving automobiles" near him while "dispensing gas," hoping to cause him to "black out or pass[] out while driving." *Id*. at 6, 9. But this did not work. So, he says, the agents threatened him, *id*. at 3, kidnapped him, *id*. at 4, and left him in the hands of the CIA "for 5 hours," *id*.; *see also* Compl. at 1, ECF No. 1 (alleging

he was "[i]llegally detained by Federal Officers"). *But see* ECF No. 9 at 1–2 (admitting he was detained "for 5 hours" because he "made a wrong turn" into the CIA headquarters property).

Scott raises sundry other claims, too. For instance, he claims some unidentified group of DHS employees operated an "organized crime" ring to steal gasoline from gas stations. Compl. Ex. at 2. This has "[a]ffected [him] on a weekly/daily basis," although he does not say how. *Id*. And someone—he never says who—tried to steal either intellectual property or trade secrets from him. *Id*. at 7. More, he alleges that DHS has placed tracking devices in his car, phone, and shoes, *id*. at 8, and that its contractors follow him "24 hours a day[,] seven days a week." *Id*. And last, he alleges that DHS engaged in "Election Interference" at the "Instruction of Donald J. Trump former president." *Id*. at 10.

At some point in early 2023, perhaps in response to all this, Scott filed a Freedom of Information Act (FOIA) request with the Department of Justice. Compl. Ex. at 5; ECF No. 15, at 17. He does not say when or for what. Sometime later, he was denied access to documents responsive to that FOIA request. Compl. at 1; Compl. Ex. at 5. Again, though, he does not precisely say what he was denied access to, nor when that access was denied.

Based on all this, Scott brings a welter of claims against the Government. Mostly, he alleges violations of federal criminal law. So he tries to charge DHS with misprison, theft,[1] blackmail, kidnapping, attempted murder, attempted intellectual property theft,[2] and the use of

---

[1] Although Scott alleges that the Government has committed theft, he cites 18 U.S.C. § 1961 as the basis for that claim. Compl. Ex. at 2. Section 1961 is not a theft statute. Rather, it is the Racketeer Influenced and Corrupt Organizations Act, under which certain thefts qualify as predicate offenses to support a racketeering conviction.

[2] Scott cites 18 U.S.C. § 3571 as the basis for his intellectual property theft claim. Compl. Ex. at 7. Section 3571 is neither a private cause of action for a civil offense, nor a statute outlining a crime. It is instead a statute allowing courts to impose fines as part of a criminal sentence. The

chemical weapons.[3]  He later amended his Complaint to add a criminal charge of mail fraud. ECF No. 17.  He also claims that the Government has violated FOIA by failing to supply him with documents.  Compl. Ex. at 5.  And he charges the Government with harassment and violating his civil rights by "placing a tracking device on [his] privately own[ed] vehicle" and "in [his] shoes" and phone, along with having security contractors follow him "24 hours a day seven days a week."  Compl. at 8.  Last, he claims that the Government has committed election interference.  Compl. Ex. at 10.

## II.

The Government moves to dismiss Scott's Complaint under Federal Rules of Civil Procedure 12(b)(1) and (b)(6).  So the Court must assume the truth of the factual allegations in Scott's Complaint.  *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).  For the Government's Rule 12(b)(1) challenge, the Court then asks whether those allegations can support an exercise of the Court's jurisdiction.  *See Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).  By contrast, in a Rule 12(b)(6) challenge, the Court asks whether the factual allegations give rise to a "reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Pro se* plaintiffs like Scott get special solicitude when the Court conducts that analysis, but they must nonetheless clear those minimal hurdles.  *Yellen v. U.S. Bank, Nat'l Assoc.*, 301 F.

---

Court thus construes Scott to be referring to 18 U.S.C. § 1832 instead—the federal criminal prohibition on theft of trade secrets.

[3] Scott cites the case *Bond v. United States*, 572 U.S. 844 (2014), as the basis for his chemical weapons claim, Compl. Ex. at 9, so the Court construes him to be invoking the statute at issue in that case, 18 U.S.C. § 229(a)(1).  *See Bond*, 572 U.S. at 851.

Supp. 3d 43, 47 (D.D.C. 2018). Even under those relaxed standards, Scott's claims must all be dismissed.

### III.

Start with his criminal law claims. "[P]rivate parties lack both standing and a cause of action to enforce the criminal law." *Jean-Baptiste v. U.S. Dep't of Just.*, 1:23-cv-02298 (TNM), 2024 WL 8600569, at *2 (D.D.C. Dec. 12, 2023) (citing *United States v. Texas*, 599 U.S. 670, 677 (2023)). So his claims relying on violations of the criminal law all founder.

That leaves his FOIA, civil rights/harassment, and election interference claims. Each of these claims fails under *Iqbal*'s low pleading standards. Consider Scott's FOIA claim. He alleges no facts at all in support of a claim under FOIA. He simply says, at one point, "(1) Refuse to grant access to FOIA – per the Freedom of Information Act, 5 U.S.C. § 552." Compl. at 1. And, at another point, "[f]ailure and refusal to supply a copy on-line or person [*sic*] of my foia[*sic*]/The Freedom of Information Act." Compl. Ex. at 5. From this, the Court can glean that the Government refused to give him *something* related to FOIA, but it is unclear what. To be sure, his filings include a copy of a letter from the Department of Justice regarding a FOIA request he submitted. ECF No. 15 at 17–18. But he alleges no facts and attaches no exhibits that would enable the Court to determine when he made that request, or what he made it for. Indeed, although the Department of Justice responded to his FOIA request, it is not even clear which *part* of the Department he submitted his request to. So the Court has no way of knowing whether the Government's alleged failure "to supply a copy . . . of [his] foia" is legally actionable. To state just one obvious problem, Scott never says when he submitted his FOIA request. So the Court cannot even tell whether the Government had an obligation to produce any documents for him by the time he filed this lawsuit. Under these circumstances, Scott has failed to allege sufficient

facts to give rise to "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Next, consider his civil rights and harassment claim. Here, he presents two basic claims. First, that DHS has placed "a tracking device" in each of his car, his shoes, and his phone. Compl. Ex. at 8. And second, that DHS has had contractors follow him nonstop. *Id*. Scott fails to allege sufficient facts to support either claim. For instance, he never says how he knows that there is a tracking device in any location, much less that it came from DHS. He never alleges that he *found* a device. Nor is it even clear how he would have found a device inside his phone.

So too for his harassment claim. He never says how he knows DHS agents are following him round-the-clock. He never pleads that he *saw* the agents. Nor that he has come into contact or interacted with them. So, on the current allegations, the existence of such tracking devices and agents is based on no more than guesswork, which cannot support a claim in federal court. *See Iqbal*, 556 U.S. at 678–79.

Last, turn to his election interference claim. Scott provides no facts at all in support of that claim. He does not explain who at DHS interfered, in what election, how, or why. He just baldly asserts "Election Interference by Homeland Insecurity [*sic*] and [*sic*] the Instruction of Donald J. Trump former President." Compl. Ex. at 10. Because he has alleged no facts in support of this claim, the Complaint's factual allegations do not give rise to "the reasonable inference" that the Government is liable for "election interference."[4] *Iqbal*, 556 U.S. at 678.

---

[4] Scott also cites no statute or caselaw making "election interference" legally actionable. So it is not even clear that there is a legal basis for such a claim. But, because the factual allegations are so facially deficient, the Court simply assumes for the sake of argument that such a claim exists, because it nevertheless has not been pleaded here.

These are not mere pleading defects. Instead, they are fundamental problems with Scott's Complaint that reach "the very jurisdiction of the Court." *Jean-Baptiste*, 2023 WL 8600569, at *2. When, as here, a Plaintiff files a "wholly insubstantial" Complaint based on "bizarre conspiracy theories," the Court lacks jurisdiction to resolve it.[5] *Hagans v. Levine*, 415 U.S. 528, 537–38 (1974); *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). That is just the situation here. Scott's allegations of mind control drugs and Government plots to kill him are precisely the kind of "bizarre conspiracy theories" *Best* was addressing. So his Complaint fails not only on the merits, but on jurisdiction too.

**IV.**

Scott's Complaint cannot be entertained. It tries to bring charges that are wholly unavailable to him, and it fails to support its remaining claims with any factual allegations at all. Considering these fatal defects, the Court will grant the Government's motion to dismiss. Because it does so, the Court will deny Scott's sundry motions for hearings, subpoenas, and reconsideration of minute orders, ECF Nos. 24, 25, 27, 31, 37, as moot. And it will deny his motion for summary judgment, ECF No. 34, for the same reasons it granted the Government's motion to dismiss.

A separate Order will issue today.


Dated: July 9, 2024                              TREVOR N. McFADDEN, U.S.D.J.

---

[5] Although a Court ordinarily cannot rule on the merits when it lacks jurisdiction, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998), in cases like this one, where the merits and jurisdictional issues are fundamentally intertwined, that rule does not apply, *Brownback v. King*, 592 U.S. 209, 217 (2021). *Accord Jean-Baptiste*, 2023 WL 8600569, at *2 n.1.