**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

DAVID L. SPALDING,

    Petitioner - Appellant,

v.

ADMINISTRATIVE OFFICE OF THE
U.S. COURTS; WARDEN GOLDEY;
FEDERAL PUBLIC DEFENDERS
OFFICE; UNITED STATES,

    Respondents - Appellees.

No. 24-6081
(D.C. No. 5:23-CV-00905-HE)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **PHILLIPS**, **MURPHY**, and **CARSON**, Circuit Judges.

_____

David L. Spalding, a federal prisoner proceeding pro se, appeals the

district court's denial of his 28 U.S.C. § 2241 habeas petition. He also requests

that we allow him to proceed in forma pauperis ("IFP") and that we appoint

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

him counsel, among other requests.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we grant his motion to proceed IFP on appeal, deny his motion for appointed counsel, and affirm the denial of his § 2241 petition.

## BACKGROUND

In 2015, a federal jury in Texas convicted Spalding of wire fraud, mail fraud, bankruptcy fraud by false statement, and false testimony under oath. The district court sentenced him to 180 months' imprisonment. He directly appealed his conviction and sentence, and the Fifth Circuit affirmed both. *United States v. Spalding*, 894 F.3d 173, 178 (5th Cir. 2018).

In 2023, Spalding filed this § 2241 petition in the United States District Court for the Western District of Oklahoma, naming as respondents the United States, the Administrative Office of the United States Courts, the Federal Public Defenders Office, and Warden Goldey.[2] He twice supplemented the petition.

---

[1] He requests two types of other relief. First, his petition requests merits-based relief, such as our deciding which edition of the sentencing guidelines manual would apply if we vacated his conviction. *See* Pet. Br. at 18–20. We do not reach the merits of these requests for the same reason we affirm the denial of his petition—he filed the wrong petition for the relief he seeks. Second, he requests various other forms of relief, such as granting him leave "to respond" to this ruling and providing him with a "ruling" on certain, unidentified "legal definitions." ECF No. 38 at 1–2. Because we think none of these requests are proper or meritorious, we decline to address them.

[2] The named respondents were not served and did not appear in the district court, and likewise have not entered an appearance in this appeal.

Spalding contends that his trial and conviction were unconstitutional—under the Appointments Clause, the Appropriations Clause, the Sixth Amendment, the nondelegation doctrine, and the separation of powers doctrine—because an Assistant Federal Public Defender continued to represent him at trial despite his objection. Spalding requests vacatur of his criminal sentence and a retrial before a jury with "[c]onstitutionally appointed" actors—that is, an appointed private defense attorney, not one from a Federal Public Defender's office. R. vol. I, at 12.

The magistrate judge recommended that the § 2241 petition be dismissed without prejudice because Spalding sought to "challenge the constitutionality of his conviction," meaning that he needed to file a § 2255 petition in the court that sentenced him—not a § 2241 petition. *Id.* at 106–07. The one exception to this rule is § 2255(e)'s savings clause, which allows a federal prisoner to resort to § 2241 if § 2255 is "inadequate or ineffective to test the legality of his detention." *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) (quoting 28 U.S.C. § 2255(e)). Though Spalding's § 2241 petition cited § 2255(e)'s savings clause, the magistrate judge noted that Spalding did not "explain why a petition for habeas relief under Section 2255 would be inadequate or ineffective to test the legality of his conviction." R. vol. I, at 105. So the magistrate judge concluded the district court lacked statutory jurisdiction over Spalding's § 2241 habeas petition. *Id.* at 106 (citing *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013)).

3

Spalding filed objections to the recommendation. After reviewing the objections, the district court adopted the recommendation and dismissed Spalding's petition for lack of jurisdiction. Spalding timely appealed the dismissal of his § 2241 petition. Then he moved to proceed IFP, and for appointed counsel.

## ANALYSIS

We review de novo Spalding's § 2241 petition.[3] *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). Spalding raises several grounds on appeal. For the below reasons, we affirm the district court's dismissal of Spalding's petition.

First, Spalding contends the district court lacked jurisdiction to dismiss the petition because he challenged "procedures starting at the Supreme Court," which, according to Spalding, the district court had no power to change. Pet. Br. at 2–3. But no matter the relief sought, a "federal court always has jurisdiction to determine its own jurisdiction." *Brownback v. King*, 592 U.S. 209, 218–19 (2021) (internal quotation marks omitted). Here, the district court correctly determined that it lacked statutory jurisdiction to entertain the § 2241 petition.

---

[3] Because Spalding is a federal prisoner seeking relief under § 2241, he does not need a Certificate of Appealability. *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).

Second, Spalding reasserts the petition's arguments that his conviction was unconstitutional because an Assistant Federal Public Defender represented him at trial. *See* Pet. Br. at 11–13, 18 (requesting a new trial with "properly appointed" actors). We agree with the district court that this argument challenges the validity of Spalding's conviction and sentence. So it belongs in a § 2255 petition, not a § 2241 petition. *Prost*, 636 F.3d at 580 ("Congress has told us that federal prisoners challenging the validity of their convictions or sentences may seek and win relief only under the pathways prescribed by § 2255."). Even so, Spalding may rely on § 2241 to challenge his conviction if § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e). That leads to Spalding's third argument.

Third, Spalding contends that § 2255 is inadequate and ineffective for two reasons. Spalding first argues that § 2255 is inadequate and ineffective because "[i]t makes no sense to return to the [sentencing] Court" when that court "refused to carefully consider the argument" during his trial. Pet. Br. at 6. We find this reason fails to show that § 2255 is inadequate or ineffective. Alternatively, Spalding argues that § 2255 is inadequate and ineffective because it has a "one [] year time limitation" that may bar Spalding's hypothetical § 2255 petition. *Id.* at 4. But § 2255 is not inadequate or ineffective simply because an unfiled, hypothetical petition may (or may not) be time barred. *See Prost*, 636 F.3d at 585 (holding that § 2255 is adequate and effective "so long as the petitioner had an opportunity to bring and test his

5

claim"). So we agree with the district court that § 2255(e) does not save Spalding's § 2241 petition.

Finally, Spalding argues that his incarceration violates 18 U.S.C. § 4001(a), which provides, "No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress." He says his conviction was not pursuant to an "Act of Congress" and is therefore invalid. Pet. Br. at 15. This argument, too, challenges the lawfulness of his conviction. Thus, it must be raised in a § 2255 petition unless Spalding shows that § 2255 is inadequate or ineffective. He did not make that showing and therefore the district court lacked statutory jurisdiction over his habeas petition's § 4001(a) claim. *See Abernathy*, 713 F.3d at 557 ("[W]hen a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test . . . the court lacks statutory jurisdiction to hear his habeas claims.").

## CONCLUSION

We **GRANT** Spalding's motion to proceed IFP, we **DENY** his motion for appointed counsel, and we **AFFIRM** the district court's denial of his § 2241 habeas petition.

Entered for the Court

Gregory A. Phillips
Circuit Judge