**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-7609

JUSTIN M. LONGWORTH,

        Plaintiff – Appellant,

      v.

A. MANSUKHANI; ANTHONY T. SCARANTINO; PATRICK BURRELL; MATTHEW W. HAUGHT; SHERRY M. BECK,

        Defendants – Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:19-ct-03199-FL)

Argued:  January 29, 2025                      Decided:  April 16, 2025

Before AGEE and RICHARDSON, Circuit Judges, and Michael Stefan NACHMANOFF, United States District Judge for the Eastern District of Virginia, sitting by designation.

Dismissed by published opinion.  Judge Nachmanoff wrote the opinion, in which Judge Agee and Judge Richardson joined.

**ARGUED:**  Thomas Ross Brugato, COVINGTON & BURLING, LLP, Washington, D.C., for Appellant.  Jonathan Silberman, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina; Frederick C. Kieser, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellee.  **ON BRIEF:**  Samuel Weiss, Oren Nimni, RIGHTS BEHIND BARS, Washington, D.C.; David M. Zionts, Matthew Quallen,

COVINGTON & BURLING LLP, Washington, D.C., for Appellant. Michael F. Easley, Jr., United States Attorney, Sharon C. Wilson, Assistant United States Attorney, for Appellees. J. Scott Ballenger, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellee Sherry M. Beck.

---

MICHAEL S. NACHMANOFF, District Judge:

A party injured by a federal employee generally has two avenues of recourse. He may pursue a claim *against the employee* "directly under the Constitution, as recognized in *Bivens*," or *against the United States* for a cognizable tort under the Federal Tort Claims Act ("FTCA"). *Unus v. Kane*, 565 F.3d 103, 121 (4th Cir. 2009). These claims are not exclusive and may be brought together or in sequential suits. But a plaintiff who pursues *both* remedies "runs the risk that [the] constitutional claim will be subject to the FTCA's 'judgment bar' provision." *Id.* (citing 28 U.S.C. § 2676). The judgment bar provides that an FTCA judgment is a "complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. In other words, if a party obtains a judgment on his FTCA claim, he can no longer pursue a *Bivens* action based on the same conduct.

That is precisely the scenario Justin Longworth faces. A federal inmate alleging abuse by Federal Bureau of Prison ("FBOP") officials, Longworth filed two separate lawsuits: the first presented a *Bivens* claim directly against those officials, and the second an FTCA claim against the United States. The district court dismissed both claims, and Longworth appealed only the *Bivens* dismissal. The question before us is simple: does the entry of judgment on Longworth's FTCA claim "bar" his *Bivens* appeal? We conclude that it does. For that reason, the appeal must be dismissed.

3

## I.

Justin Longworth was an inmate at the Federal Correctional Institution in Butner, North Carolina ("FCI Butner") from July 22, 2016, until January 16, 2019. J.A. 47, 52, 54.[1] Longworth claims that while there he faced repeated sexual harassment and abuse. *Id.* Specifically, Longworth alleges that during his work assignment as a plumber, he came into frequent contact with Defendant Sherry M. Beck, an FBOP correctional officer who served as the Secretary of Facilities and managed payroll for all inmate employees. J.A. 52. Longworth claims that Defendant Beck took an inappropriate interest in him and engaged in daily aggressive sexual harassment and abuse including forced oral sex, fondling and groping of the genitals, kissing, and biting. *Id.* Longworth did not immediately report Defendant Beck's conduct because he feared retaliation. J.A. 53.

According to Longworth, Defendants Andrew Mansukhani (warden of FCI-Butner Medium), Anthony T. Scarantino (correctional institution administrator at FCI-Butner), Patrick Burrell (plumber for the FCI-Butner facilities department), and Matthew W. Haught (maintenance mechanic for the FCI-Butner facilities department) initially did nothing to stop or report Defendant Beck's abuse. J.A. 48–49, 53. Eventually, Defendant Haught reported Defendant Beck to *her* facilities supervisors, but failed to report the conduct to *his own* supervisors, a Special Investigative Agent, or the wardens (Defendants

---

[1] In reviewing a motion to dismiss, we accept as true the factual allegations set forth in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff. *Phillips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

4

Mansukhani and Scarantino) as required by prison policy. J.A. 53. Longworth was then fired from his work assignment and placed in solitary confinement. J.A. 54.

After Longworth was moved to solitary confinement, he decided to report Defendant Beck's conduct to Special Investigative Agent Sean Kearney. *Id.* Following this report, an investigation ensued, Defendant Beck was terminated, and Longworth was transferred to a low security Federal Correctional Institution in Petersburg, Virginia ("FCI Petersburg Low"). J.A. 47, 54. But neither Longworth's transfer nor Defendant Beck's termination abated the misconduct—Longworth claims that Defendant Beck continued to harass him at FCI Petersburg Low by sending him sexually explicit and threatening letters. J.A. 55.

## II.

On July 2, 2019, Longworth commenced this action in the Eastern District of North Carolina, asserting claims for violations of his civil rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and related state law claims. J.A. 87.[2] Longworth alleged that Defendant Beck sexually assaulted him in violation of the Fourth and Eighth Amendments, and that the remaining Defendants acted with deliberate indifference in violation of the Eighth Amendment. J.A. 95. Defendants Mansukhani, Scarantino, Burrell, and Haught moved to dismiss.[3] J.A. 87.

---

[2] Longworth filed an amended complaint, operative here with respect to his *Bivens* action, on June 1, 2020. J.A. 88.

[3] Defendant Beck, proceeding *pro se* at the time, did not file a motion to dismiss.

Proceeding under the framework established by the Supreme Court in *Ziglar v. Abbasi*, 582 U.S. 120 (2017), the district court found that both Longworth's Fourth Amendment and Eighth Amendment claims presented "new contexts where they have 'no analogue in the Supreme Court's prior *Bivens* cases.'" J.A. 95 (quoting *Tun-Cos v. Perrotte*, 922 F.3d 514, 525 (4th Cir. 2019)). Continuing to the "second inquiry" under *Abbasi*, the district court found that special factors counseled hesitation in extending *Bivens* to this context.[4] J.A. 99–102. Accordingly, the district court granted Defendants' motion to dismiss and entered its dismissal order on September 21, 2021.[5] J.A. 102, 104. On November 11, 2021, Longworth noticed this appeal.[6] J.A. 105–106.

But prior to Longworth's appeal (and even prior to the district court's *Bivens* dismissal order), Longworth filed a separate complaint, on ***August 16, 2021***, under the FTCA, alleging that the United States was liable for its employees' negligence.[7] J.A. 108. Longworth's FTCA complaint alleged the same underlying facts as his *Bivens* complaint—

---

[4] The special factors inquiry "must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Abbasi*, 582 U.S. at 136. The district court outlined several special factors but emphasized two in particular that counseled hesitation: (1) the alternative remedial scheme available to Longworth through the FBOP's administrative remedy program, and (2) Congress's failure to create a damages remedy despite enacting legislation in the prisoner sexual abuse context. J.A. 99–102.

[5] The district court also dismissed the claims against Defendant Beck pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). J.A. 103–104.

[6] Longworth does not appeal the dismissal of his Fourth Amendment claims. *See* Opening Br. 9 n.3.

[7] *See Justin M. Longworth v. United States of America*, 5:21-ct-03242-FL (E.D.N.C.).

that Beck sexually assaulted him and negligently caused him emotional distress, and that other FBOP officials (Mansukhani, Scarantino, Burrell, and Haught) were negligent in their supervision and retention of Beck. J.A. 117. On September 29, 2022, the district court granted the United States' motion to dismiss for lack of subject matter jurisdiction, finding that Longworth had not adequately pled that Beck was acting within her scope of employment during the alleged misconduct (one of the six elements required to bring a meritorious FTCA claim). J.A. 124, 126.[8] Longworth did not appeal the judgment on his FTCA claim.

### III.

The question now facing the Court is whether the district court's FTCA judgment precludes this *Bivens* appeal. The FTCA judgment bar provides that an FTCA judgment is a "complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. This Court specifically asked the parties to address whether the FTCA's judgment bar applies ***retroactively***. And the parties addressed that question in their supplemental briefs. But the Court need not resolve that question today because there is nothing "retroactive" about the judgment bar's effect on this case.

The FTCA judgment bar "preclude[s] a *Bivens* claim against a government employee when a judgment has been entered on an FTCA claim arising out of the same

---

[8] The Court also found that even if the Court had subject matter jurisdiction, Longworth's claims were deficient under Rule 12(b)(6) as "defendant cannot be held vicariously liable for tortious acts taken outside the scope of employment." J.A. 128–135.

7

actions, transactions, or occurrences as the *Bivens* claim." *Unus*, 565 F.3d at 122 (internal

quotation and citation omitted). That is what we have here. A judgment (on the merits)[9]

has been entered with respect to Longworth's FTCA claim, but Longworth wishes to

continue to pursue his *Bivens* claim. Because that claim is based on the same actions as his

FTCA claim, however, it is now precluded.

Longworth urges this Court to interpret the text of § 2676 "to apply solely to actions

***filed after*** or ***contemporaneous*** with the FTCA action, not appeals of separate, earlier-filed

actions." Appellant's Suppl. Br. 12 (emphasis added). In Longworth's view, application of

the judgment bar to this matter implicates retroactivity because the *Bivens* suit was filed

first. We disagree. There is nothing "retroactive" about application of the FTCA judgment

bar here. Longworth's *Bivens* claim (whether or not it was filed first) is still on appeal. It

therefore remains an "action" that is subject to the bar. *See, e.g., Brownback*, 592 U.S. at

220–21 (Sotomayor, J., concurring) ("An 'action' refers to the whole of the lawsuit.");

Black's Law Dictionary (12th ed. 2024) (defining "action" as a "civil or criminal judicial

proceeding" and "'action' in the sense of a judicial proceeding includes . . . any other

---

[9] The FTCA judgment bar is only triggered by a "final judgment on the merits." *Brownback v. King*, 592 U.S. 209, 214 (2021). Because the district court determined that Beck was not acting within the scope of her employment—and that question goes to the one of the six elements of a meritorious FTCA claim—the dismissal order was "on the merits." *See id.* at 218 ("[W]here, as here, pleading a claim and pleading jurisdiction entirely overlap, a ruling that the court lacks jurisdiction may simultaneously be a judgment on the merits that triggers the judgment bar."). The judgment bar is therefore appropriately triggered here.

proceeding in which rights are determined"). Put simply, the plain language of 28 U.S.C.

§ 2676 could not be clearer: this action cannot proceed.

## IV.

For the foregoing reasons, we dismiss the instant appeal.

*DISMISSED*