# Supreme Court of Texas

No. 22-0730

Anna Dickson, Individually and on
Behalf of All Others Similarly Situated,

*Petitioner*,

v.

American General Life Insurance Company,

*Respondent*

On Petition for Review from the
Court of Appeals for the Ninth District of Texas

JUSTICE YOUNG, concurring in the denial of the petition for review.

Respondent American General Life Insurance Company challenged the trial court's interlocutory class-certification order and raised two issues on appeal—one concerning jurisdiction and the other concerning the merits. The court of appeals bypassed the jurisdictional issue and reversed the trial court's order on the merits. The court explained that while private litigants like American General have a statutory right to immediately appeal Rule 42 class-certification orders, it was "not aware of any statute giving a private litigant . . . the right to file an interlocutory

appeal from a ruling on a plea to the jurisdiction." 2022 WL 2719633, at *5 (Tex. App.—Beaumont July 14, 2022) (citing Tex. Civ. Prac. & Rem. Code § 51.014). From that premise it reached this result: "We conclude that we lack jurisdiction to consider the arguments American General raises in its [jurisdictional] issue." *Id.*

That conclusion was error—serious error. The correct premise was this one: "Courts *always* have jurisdiction to determine their own jurisdiction." *Hous. Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007) (emphasis added). And that principle goes further for an appellate court, which "always has jurisdiction to determine its own, *and the lower courts'*, jurisdiction." *Abbott v. Mexican Am. Legis. Caucus*, 647 S.W.3d 681, 699 (Tex. 2022) (emphasis added). That foundational premise of judicial authority means that a court—especially an appellate court—is never right to think that it is empowered to reach a merits question but forbidden from resolving an antecedent jurisdictional dispute.

So courts never lack jurisdiction—that is, power and authority—to resolve challenges to subject-matter jurisdiction. They also have the *obligation* to do so. Subject-matter jurisdiction is perhaps the one thing that courts must always address when contested or otherwise in doubt. After all, courts "may not assume jurisdiction for the purpose of deciding the merits of the case." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). If an appeal on the merits is properly pending before an appellate court (like an interlocutory appeal of a class-certification order), therefore, that court needs no separate procedural vehicle (like an appealable denial of a plea to the jurisdiction) before it can and must first

2

discharge its duty to ensure its own jurisdiction.  The order of operations is not optional.  Resolving the merits and *then* addressing a justiciability challenge is no better than planning to cook a plate of spaghetti only after eating it.  The results are equally grotesque in either scenario.

Whether a challenge to subject-matter jurisdiction is well-founded, of course, is a wholly different matter.  My chief point today is to emphasize that courts *must resolve* any jurisdictional challenges—hard or easy, first raised in the trial court or first raised in the court of appeals, raised by a party or raised by the court itself—before turning to the merits.  Sometimes a jurisdictional challenge is easily resolved, like the one in this case.  The court of appeals *did* have the authority to reach the merits question because American General's jurisdictional objections, while made in good faith, are mistaken.

It would be appropriate for us to reverse and remand for the court of appeals to reach that jurisdictional question in the first instance, as it should have done all along.  I instead concur in the denial of the petition for review so that I can emphasize the essential order of operations for the future yet allow this case to come to its inevitable end.

## I

Dickson sued American General for allegedly withholding interest due on a significant number of life-insurance policies.  She later amended her pleadings to assert claims on behalf of a putative class.  In the sixth amended petition (the live pleading), Dickson asserted equitable claims of money had and received and unjust enrichment.  American General, in turn, challenged her claims on two grounds.  First, in a plea to the jurisdiction, American General argued that the trial court lacked subject-

3

matter jurisdiction because Dickson was essentially seeking a declaration of unconstitutionality of an Insurance Code provision but failed to join the Insurance Commissioner as a necessary and indispensable party.[1] *See* Tex. R. Civ. P. 39. Second, in response to the class-certification motion, American General reiterated its argument that the court lacked subject-matter jurisdiction and also argued that the nature of Dickson's equitable claims, along with the factual variations attending each putative class member's policy, were unsuitable for class-wide litigation and thus could not satisfy Rule 42's predominance requirement. *See* Tex. R. Civ. P. 42(b)(3).

The record does not show that the trial court ever expressly ruled on American General's plea to the jurisdiction, but the court did hold a hearing on the class-certification motion, which it granted months later.[2] American General then exercised its statutory right to appeal that interlocutory order under § 51.014(a)(3) of the Civil Practice and Remedies Code. American General maintained its position that class certification was improper under Rule 42's predominance requirement. Importantly, though, American General also argued on appeal, as it had

---

[1] As American General points out in its briefing, Dickson had indeed raised a question of constitutionality more expressly before dropping it in the live pleading.

[2] A trial court, of course, is bound by the same jurisdictional principles that bind all courts. Thus, it is impermissible to ignore a challenge to its subject-matter jurisdiction and proceed to any merits decision. A trial court that reaches a merits issue implicitly denies a plea to the jurisdiction. *See Thomas v. Long*, 207 S.W.3d 334, 339–40 (Tex. 2006) (holding that a trial court's merits ruling constituted an implicit denial of a jurisdictional challenge). One reason for this principle is that no court of this State should be presumed to undertake the unlawful and *ultra vires* action of reaching a merits issue without resolving a contested issue of jurisdiction.

4

previously in its plea to the jurisdiction and its response to the class-certification motion, that the trial court lacked subject-matter jurisdiction because of Dickson's failure to join the Insurance Commissioner in the suit.

The court of appeals did not reject American General's jurisdictional challenge. The court instead determined that it lacked authority to consider it at all. "[E]ven had the trial court ruled on the plea," the court reasoned, "we are not aware of any statute giving a private litigant . . . the right to file an interlocutory appeal from a ruling on a plea to the jurisdiction." 2022 WL 2719633, at *5 (citing Tex. Civ. Prac. & Rem. Code § 51.014). So "[w]e conclude," the court said, "that we lack jurisdiction to consider the arguments American General raises in its first issue [*i.e.*, its jurisdictional challenge]." *Id.* (citing Tex. R. App. P. 42.3). The court of appeals proceeded to consider American General's second issue—whether the proposed class met Rule 42's predominance requirement. It found American General's merits arguments persuasive and reversed the certification order on that ground. *See id.* at *6–9.

## II

I start by emphasizing that the court of appeals was properly attentive to the importance of jurisdiction. That court commendably recognized the need to avoid exceeding its jurisdictional scope. *See id.* at *5. Ironically enough, a court less concerned about jurisdiction may have reached American General's jurisdictional objection. The problem, therefore, is only that the court of appeals got it backwards by concluding that it *had* jurisdiction to consider the merits but *not* to consider subject-matter jurisdiction. Getting that matter right is among the most important things any court can do, which prompts my separate writing.

5

## A

First, American General was right to raise its jurisdictional challenge before the court of appeals. *Every* party has a duty to the court to raise any potential defects in its (or a lower court's) subject-matter jurisdiction whenever a jurisdictional doubt arises. This obligation is part of the duty of an officer of the court—it helps protect the tribunal from undertaking objectively unauthorized action, the avoidance of which lies at the heart of any tribunal's legitimacy.[3] Said differently, subject-matter jurisdiction is not merely another litigation tool that parties may deploy (or not) when convenient. A dismissal for lack of jurisdiction may benefit one side or another, but such a result is adventitious. Subject-matter jurisdiction is wholly collateral to the parties' interests—if it is lacking,

---

[3] *See, e.g.*, *I.L. v. Alabama*, 739 F.3d 1273, 1284 n.6 (11th Cir. 2014) ("We remind counsel that, as officers of the court, they have a duty to raise alleged defects in subject-matter jurisdiction when they first become apparent, not merely when doing so becomes strategically expedient." (citing *Aves ex rel. Aves v. Shah*, 997 F.2d 762, 767 (10th Cir. 1993)); *see also Bd. of License Comm'rs of Town of Tiverton v. Pastore*, 469 U.S. 238, 240 (1985) (per curiam) (reminding "counsel that they have a 'continuing duty to inform the Court of any development which may conceivably affect the outcome' of the litigation" (quoting *Fusari v. Steinberg*, 419 U.S. 379, 391 (1975) (Burger, C.J., concurring))); *First Nat'l Bank of Chi. v. A.M. Castle & Co. Emp. Tr.*, 180 F.3d 814, 819 (7th Cir. 1999) (pointing out that "a lawyer (and his client) cannot be sanctioned directly or indirectly for performing his duty as an officer of the court of apprising the court that it is acting beyond its jurisdiction; the lawyer has an ethical duty to do that"); *Richmond v. Chater*, 94 F.3d 263, 267 (7th Cir. 1996) (noting that "lawyers violate their duty as officers of the court when they agree to suppress their doubts about the court's jurisdiction"); *Missouri ex rel. Nixon v. Craig*, 163 F.3d 482, 484 n.3 (8th Cir. 1998) ("The mootness doctrine is of such importance that '[i]t is the duty of counsel to bring to the federal tribunal's attention, 'without delay,' facts that may raise a question of mootness.'" (emphasis in original) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.23 (1997)).

even their joint agreement to the contrary is unavailing.  Parties cannot "waive" subject-matter jurisdiction because, unlike arguments or claims or affirmative defenses, it is *not theirs*.  Subject-matter jurisdiction protects the courts and the public by ensuring that judges do not assume power—even inadvertently or about seemingly trivial matters—that does not belong to them.  For the same reason, courts not only may but *should* raise jurisdictional doubts *sua sponte*.  Parties that hide a plausible jurisdictional objection are no friends of the court.

All these points are summed up with the truism that subject-matter jurisdiction is no mere technicality but constitutes the indispensable core of judicial power itself.  "Jurisdiction is power to declare the law," the U.S. Supreme Court has said, "and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514 (1868); *see also Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 578 (Tex. 2013) (quoting *Sinochem*, 549 U.S. at 431).  "Were the . . . courts merely publicly funded forums for the ventilation of public grievances or the refinement of jurisprudential understanding," jurisdictional limitations would be unnecessary.  *Cf. Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982).  But such limitations on the courts' power are necessary to prevent "the conversion of courts . . . into judicial versions of college debating forums." *Id.*  A jurisdictional inquiry is thus different in kind from, and necessarily precedes, any inquiry into the merits: "Subject-matter jurisdiction determines only whether a court has the power to entertain a particular claim—a condition precedent to reaching the merits of a legal dispute." *Haywood v. Drown*, 556 U.S. 729,

7

755 (2009) (Thomas, J., dissenting).

The jurisdictional inquiry therefore cannot be put off pending any merits decision; jurisdiction is needed "to entertain" the claim at all and at any point. "I'll examine jurisdiction later—let's resolve the merits first" is as incoherent for a judge as "I'll fill up when we get to Texas—let's get on the highway" would be for a motorist leaving California in a car with an empty tank. *Any* "ruling on the merits," not just a final judgment, implicates this jurisdictional barrier. *Brownback v. King*, 592 U.S. 209, 218 (2021) (citing *Steel Co.*, 523 U.S. at 101–02). This concept is ancient, not novel. *See, e.g.*, *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884) (describing rules of subject-matter jurisdiction as "inflexible and without exception" because they "spring[] from the nature and limits of the judicial power"); *Steel Co.*, 523 U.S. at 94–95 (1998) (same). We have reiterated—and described as a "fundamental rule"—that a "court may not reach the merits if it finds a single valid basis to defeat jurisdiction." *Rattray v. City of Brownsville*, 662 S.W.3d 860, 868 (Tex. 2023). The "fundamental" descriptor is well warranted because the only real power a court possesses—the power of judgment—cannot be exercised without jurisdiction. *Id.* at 867; *see also, e.g.*, William Baude, *The Judgment Power*, 96 Geo. L.J. 1807, 1808, 1833 (2008) (arguing that the president "must treat unjurisdictional judgments as if they were no judgment at all").

The last thing that any court should want is a party's hesitation in raising a good-faith jurisdictional objection. No special pleading device is needed to do so, and courts should welcome rather than resist efforts to ensure that the judiciary is empowered to step into the merits.

## B

Second, the foregoing discussion makes clear why the doctrine of "hypothetical jurisdiction"—that is, assuming the presence of jurisdiction and then proceeding to the merits—is not just imprudent but unlawful. *See, e.g.*, *Steel Co.*, 523 U.S. at 93–94, 101.  Assuming rather than establishing jurisdiction represents indifference to judicial intrusion into areas that do not belong to the judiciary under our constitutions and laws. My assuming that your bank account is mine and my subsequent use of your money would represent indifference to your property rights—to say nothing of the law—in quite a similar way.  Law-abiding (or at least responsible) people ensure that the money they treat as theirs actually *is* theirs—they do not just hope it turns out that way in the end.  For the judiciary in particular, certainty before action is fundamental to our constitutional limitations, which is why courts may not "resolve contested questions of law when [their] jurisdiction *is in doubt*."  *Id.* at 101 (emphasis added).  Only *after* that doubt is dispelled may a court proceed, *regardless* of how the court would rule on the merits.[4]

Consider what it would mean for courts to act in conscious disregard of their authority (and authority, again, is what jurisdiction is). I can hardly say it better than Justice Blacklock: "A court that carelessly exceeds the constitutional boundaries on its own power can hardly claim the authority to determine whether another co-equal branch of

---

[4] Assuming jurisdiction may seem harmless if the court will just reject a claim on the merits—but *any* merits ruling is an unauthorized exercise of judicial power unless jurisdiction is established.  As Justice Scalia put it for the Supreme Court: "Hypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning."  *Steel Co.*, 523 U.S. at 101.

government has done the same." *In re Hotze*, 627 S.W.3d 642, 646 (Tex. 2020) (Blacklock, J., concurring). Partly *because* courts must be neutral arbiters when they subject other governmental actors to scrutiny for allegedly *ultra vires* conduct, it is essential for courts to keep the mirror handy. Whether the underlying issue is of societal import or of comparative insignificance, "a court cannot issue a ruling on the merits 'when it has no jurisdiction' because 'to do so is, by very definition, for a court to act ultra vires.'" *Brownback*, 592 U.S. at 218 (quoting *Steel Co.*, 523 U.S. at 101–02).

## C

Third, it follows that the court of appeals was wrong to disregard the pending subject-matter-jurisdiction challenge when reviewing the district court's class-certification order. The court of appeals' stated reason was the non-appealability of the trial court's denial of American General's plea to the jurisdiction. That rationale is immaterial because there was a *different* basis for the appeal—the authorized appeal of a grant of class certification.

It would have been different if the trial court's only ruling had been to deny the plea to the jurisdiction. In non-governmental cases, the denial of a plea to the jurisdiction does not *itself* confer appellate jurisdiction. *See* Tex. Civ. Prac. & Rem. Code § 51.014. When a trial court denies a plea to the jurisdiction, that court has confirmed its own jurisdiction. That confirmation may turn out to be erroneous, but once a court resolves any jurisdictional challenges, it is not lawless but instead mandatory to proceed to the merits.

But when such a case generates an appeal—any appeal—the

10

appellate court cannot proceed to a merits issue without first addressing any challenge to subject-matter jurisdiction. Statutory interlocutory jurisdiction may be part of that question but would by no means be all of it. As this Court observed in *McAllen Medical Center, Inc. v. Cortez*, "the interlocutory appeal statute does not supplant the constitutional requirement that the court of appeals have subject-matter jurisdiction." 66 S.W.3d 227, 231 (Tex. 2001). We repeated that admonition in *Rusk State Hospital v. Black* and added that it would "violate constitutional principles" for "appellate courts to address the merits of cases without regard to whether the courts have jurisdiction." 392 S.W.3d 88, 94–95 (Tex. 2012). Indeed, any such opinion would be "advisory" and beyond the power granted to courts by the Texas Constitution. *Id.* at 95 (first citing *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000); and then citing Tex. Const. art. IV, §§ 1, 22). Thus, if subject-matter jurisdiction is lacking for any reason—the lack of standing, collusive litigation, mootness, whatever—the appellate court must dismiss the appeal.

If a matter is truly one of subject-matter jurisdiction, a party (or the court itself) can raise it at any time that the case is properly pending. *Norwood*, 418 S.W.3d at 580. If a party raises what it thinks is an objection to subject-matter jurisdiction, the court cannot ignore it even if the objection is mistaken. If the court rejects the jurisdictional challenge on legal grounds, it may *then* proceed to the merits.

**D**

Fourth, I acknowledge that the line between "jurisdiction" and "the merits" is not always clear-cut. The word "jurisdiction" itself is

11

semantically overladen. "'Jurisdiction,' it has been observed, 'is a word of many, too many, meanings.'" *Steel Co.*, 523 U.S. at 90 (quoting *United States v. Vanness*, 85 F.3d 661, 663 n.2 (D.C. Cir. 1996)). This Court has reiterated that point, including just last year. *See Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.,* 659 S.W.3d 424, 440 n.115 (Tex. 2023).

But we have never denied the distinction. In *Molina*, we observed that the "integrity of that line [between jurisdictional and merits issues] is fundamental to the working of the civil justice system because a court without subject-matter jurisdiction cannot decide the case at all." *Id.* at 440. If a party mistakenly claims a lack of subject-matter jurisdiction (as American General does here), or mistakenly asserts the presence of subject-matter jurisdiction (as happens repeatedly, such as in cases asserting illusory standing), then, as in other cases, the judicial role is to resolve the matter, not to let it pass by. "The judge's job is to determine and apply the law to individual cases, even if doing so is difficult." *In re Abbott*, 601 S.W.3d 802, 811 (Tex. 2020).[5]

Difficulties most frequently arise in truly exigent situations where judicial intervention is urgent. When, for instance, relief is necessary to prevent a matter from becoming moot (*e.g.*, enjoining the demolition of a building), a court of equity may issue temporary relief to *preserve* its jurisdiction over the subject matter. *See, e.g., City of Dallas v. Wright*, 36 S.W.2d 973, 976 (Tex. 1931). This action is jurisdictionally sound because

---

[5] For today's purposes, there is no need to explore the niceties of the dividing line. As a general matter, merits questions concern a party's ability to establish the elements of its claims or defenses, *see, e.g., Am. Campus Cmtys., Inc. v. Berry*, 667 S.W.3d 277, 282 (Tex. 2023), whereas jurisdictional questions concern the court's ability to hear and rule on those claims and defenses, *see, e.g., Sosa v. Alvarez–Machain*, 542 U.S. 692, 714 (2004).

12

it also preserves a court's jurisdiction to decide its own jurisdiction—which should be done as soon as possible to avoid the trap of resolving merits questions when jurisdiction is lacking. As we have said on several occasions, "[a] trial court 'must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed.'" *See In re Lazy W Dist. No. 1*, 493 S.W.3d 538, 544 (Tex. 2016) (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

No such exigent circumstances attend this appeal. This case did not involve an emergency TRO, an impending election, or anything of the sort. The court of appeals had the obligation to address any challenge to its subject-matter jurisdiction before proceeding to the merits of the class-certification order.

## III

What, then, should we do about it?

As a general matter, this Court should rarely be the first court to examine any issue presented to but not resolved by the court of appeals, including jurisdictional issues. *Each* court has the duty to resolve its own subject-matter jurisdiction, so it would be proper to reverse and remand for the court of appeals to address any unaddressed challenge. If this problem proliferates, I assume that the Court would do so.

I conclude, however, that in *this* instance it is proper just to deny the petition for review. My independent assessment of American General's jurisdictional objection persuades me that the objection was not well founded and that the court of appeals, had it reached the issue, would have quickly rejected it and thus confirmed its own (and the trial court's)

13

subject-matter jurisdiction.[6] That court, therefore, would inevitably have had to address the merits of American General's appeal. I agree with the Court that there is no substantial basis for us to grant review of that class-certification ruling. Rather than send the case back just to reinstate the inexorable result, I concur in the denial of the petition for review.

But this case is not a mere one-off. I cautioned last term that a court *must not* reach the merits of a dispute when its jurisdiction is in doubt without first determining whether it has jurisdiction. *See Tex. S. Univ. v. Young*, 682 S.W.3d 886, 887 (Tex. 2023) (Young, J.) (concurring in the denial of petitions for review and for writ of mandamus). And as I have explained at length today, the same is true for the courts of appeals. Every court is obliged to determine its jurisdiction any time it is in doubt, even when the parties have not challenged it. *See Pike v. Tex. EMC*

---

[6] While it is true that Dickson may have challenged the constitutionality of a provision in the Insurance Code initially, that challenge was never made affirmatively, and in any event has since been dropped from the live pleading. Dickson now asserts only equitable claims of money had and received and unjust enrichment, neither of which relies on the unconstitutionality of the disputed Insurance Code provision for their success. I thus fail to see how the Insurance Commissioner would be a necessary and indispensable party to this lawsuit such that his absence could deprive the courts of subject-matter jurisdiction *even if* American General's theory of subject-matter jurisdiction were correct. I have some doubt about that premise, too, however. Dickson does not seem to dispute that the Commissioner's presence would be necessary if constitutional claims had been affirmatively pleaded in the live pleading, but American General cites no cases from this Court for the proposition that the Insurance Commissioner's absence would have affected *subject-matter jurisdiction.* Nor, for that matter, does American General cite anything in the Insurance Code even requiring the Commissioner's presence in the event the constitutionality of a provision is challenged. The legislature has created a notice requirement for the Attorney General, *see, e.g.*, Tex. Gov't Code § 402.010, but it is not apparent from the briefing or the record that a similar rule is at issue here. I take no position on American General's position—whether it is couched as a statutory or equitable argument—but note only the sparse and conclusory premises that support it.

14

*Mgmt., LLC,* 610 S.W.3d 763, 774 (Tex. 2020); *In re City of Dallas*, 501 S.W.3d 71, 73 (Tex. 2016) (orig. proceeding). But it is perhaps most obvious that the court must address a jurisdictional issue when the parties *do* raise it, as they did here and in *Young*. And when a jurisdictional issue is raised, a court should address it with alacrity.

Today we also deny the petition in No. 23-0632, *Beaumont Independent School District v. LRG-Loss Recovery Group, LLC*. In that case, BISD raised a jurisdictional argument in its reply brief in the court of appeals, arguing that a contract was not properly executed because it exceeded the scope of the superintendent's delegated authority. Raising an argument for the first time in reply is apt to cause some confusion— an ordinary appellate issue raised only on reply, after all, may as well not be raised at all. But "[c]ourts *always* have jurisdiction to determine their own jurisdiction," *In re Lazy W*, 493 S.W.3d at 544, and jurisdiction is not an issue that belongs to any party, so jurisdiction cannot be forfeited or waived. The court of appeals in *BISD* appeared to acknowledge as much, yet ultimately failed to address the jurisdictional issue. *See* 2023 WL 3521936, at *4 (Tex. App.—Beaumont May 18, 2023); *but see id.* at *9.[7] These cases, in short, are not alone.[8]

---

[7] The school district later filed a plea to the jurisdiction, the trial court ruled, and an interlocutory appeal is pending, so the jurisdictional issue has not disappeared.

[8] In another case, we recently granted a stay where, on the eve of trial, the trial court refused to rule on the city's pending plea to the jurisdiction. *See* No. 24-0203, *In re City of Houston*. If moving to the merits stage amounts to implicitly denying a plea to the jurisdiction, *see supra* note 2, then it is especially improper for a governmental unit to be forced to trial, the ultimate merits proceeding. After all, unlike a private party, a governmental unit may take an

15

\* \* \*

In the future, the lower courts should expressly resolve any jurisdictional objections, whether complex or simple, *before* turning to any merits issue. Had the trial court lacked subject-matter jurisdiction, it should never have ruled on certification at all, and neither should the court of appeals. The only judicial task would have been to dismiss the case without opining about the mechanics of class certification at all. It should never be assumed, therefore, that it is harmless to skip jurisdiction because a higher court can later address it. The opposite is true. On the premise that courts will comply with this duty, and with these comments, I concur in denying the petition for review in this case.

_____

Evan A. Young
Justice

**OPINION FILED:** September 6, 2024

---

interlocutory appeal. Whether its plea to the jurisdiction is granted *or* denied, therefore, a trial before appellate review would be improper. The artifice of simply refusing to rule on a jurisdictional objection is therefore especially insufficient to justify trial proceedings in that context.